899 F.2d 250
 16 Fed.R.Serv.3d 89
 The HILMON COMPANY (V.I.) INC., a Corporation, Appellant,
v.
HYATT INTERNATIONAL, Hyatt Corporation, Criswell Development
Corp., Mahogany Run Development Corp., Armour Joint Venture,
Lovenlund Resorts, James Armour Enterprises, Richard L.
Schulze, William Criswell, Sharon Criswell, James Armour,
Homer Wheaton, Hyatt Development Corp.
 Nos. 89-3329, 89-3675.
 United States Court of Appeals,
Third Circuit.
 
 Appeal Submitted Pursuant to
Third Circuit Rule 12(6)
 Dec. 7, 1989.
 Decided March 23, 1990.
Rehearing Denied April 20, 1990.
 Emilio T. Gurrola, McKiernan, Gurrola, Moriwaki & Brady, Los Angeles, Cal., for appellant.
 Warren B. Cole, Hunter Colianni Cole & Turner, Christiansted, St. Croix, U.S. Virgin Islands, Peter W. Homer, Laura Besvinick, Greer, Homer & Bonner, P.A., Miami, Fla., for appellees.
 Motion Submitted Pursuant to Third Circuit Rule 11(1).
 Before MANSMANN and NYGAARD, Circuit Judges*.
 OPINION OF THE COURT
 NYGAARD, Circuit Judge.
 
 
 1
 Four appellees, Hyatt International, S.A.; Hyatt Development Corp.; Hyatt Corporation and Richard L. Schulze ("the Hyatt appellees") petition this court for an award of delay damages pursuant to Fed.R.App.P. 38 because appellant, the Hilmon Company, (V.I.) Inc. ("Hilmon") pursued a frivolous appeal.[1] Under Fed.R.App.P. 38, this court has the discretion to award such damages to redress the Hyatt appellees' losses and to sanction Hilmon for bringing a frivolous appeal. In this circuit an appeal is considered frivolous when it is "utterly without merit," Sun Ship, Inc. v. Matson Navigation Co., 785 F.2d 59, 64 (3d Cir.1986), or without "colorable arguments" raised in support. In re: Hall's Motor Transit Company, 889 F.2d 520, 523 (3d Cir.1989). Applying this test, we conclude that Hilmon's appeal is frivolous and will award attorney's fees and costs on the appeal to the Hyatt appellees.
 
 I.
 
 2
 Hilmon filed appeals at 89-3675 and at 89-3329 from two district court orders.[2] We consolidated the appeals and scheduled them for oral argument on December 7, 1989 in the Virgin Islands. On the morning of December 7th, Attorney Richard P. Farrelly[3] requested to speak with the panel in chambers and reported that the attorney of record Emilio T. Gurrola would not be present for oral argument.[4]
 
 
 3
 We disposed of both appeals in a memorandum opinion filed on December 22, 1989. In the appeal filed at No. 89-3675, Hilmon, ignoring case law to the contrary, requested that we review an order which denied a Rule 54(b) certification.[5] Fed.R.Civ.P. 54. In Saber v. FinanceAmerica Credit Corp., 843 F.2d 697, 702 (3d Cir.1988), we held that a court of appeals ordinarily has no jurisdiction to review on an interlocutory basis a district court's failure to certify a case for review. Hilmon not only offered no colorable argument to distinguish Saber, it did not even cite Saber. Furthermore, after appellees challenged the appealability of the order, Hilmon responded with further argument on the merits of the appeal, completely ignoring the appealability issue. We dismissed the appeal pursuant to Saber.
 
 
 4
 In the appeal filed at 89-3329, Hilmon challenged an order which dismissed its case against Hyatt International pursuant to Fed.R.Civ.P. 4(j)[6] for failure to effect proper service upon the defendants for over seventeen months. It was undisputed that Hilmon never served Hyatt International. We affirmed.
 
 
 5
 Rule 4(j) of the Federal Rules of Civil Procedure sets forth the time permitted to effect service of process. Rule 4(j) states:
 
 
 6
 If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
 
 
 7
 "The 120 day limit to effect service of process, established by Fed.R.Civ.P. 4(j) is to be strictly applied, and if service of the summons and the complaint is not made in time and the plaintiff fails to demonstrate good cause for the delay 'the court must dismiss this action as to the unserved defendant.' " Lovelace v. Acme Markets, Inc., 820 F.2d 81, 84 (3d Cir.) (quoting 128 Cong.Rec. H9848, 9850 (daily ed. Dec. 15, 1982) (emphasis added) reprinted in 1982 U.S.Code Cong. & Admin.News 4434, 4441), cert. denied, 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987). Moreover, the legislative history provides only one example where an extension for good cause would be permissible, specifically where the defendant intentionally evades service. Lovelace, 820 F.2d at 84.
 
 
 8
 Notably, Hilmon did not claim either that it effected timely service or that its failure to do so should be excused.[7] Instead, Hilmon asserted that the order of dismissal should have been reversed because Hilmon was not given notice by the court before it entered the order and because the ruling should have been stayed pending resolution of a Rule 60(b) motion it had filed. Both arguments were utterly without merit.
 
 
 9
 The dismissal was upon motion by Hyatt International, based in part on Hilmon's failure to effect service; Hilmon had answered the motion, it was contested; and, Hilmon was on notice that it faced dismissal pursuant to Rule 4(j). Further, the court first quashed Hilmon's attempted service without dismissal. This gave Hilmon an additional four months to serve Hyatt International--yet Hilmon still did nothing. When the court ruled on Hilmon's 60(b) motion and dismissed Hyatt International from the case, four months later, the case had been pending for over seventeen months.[8]
 
 
 10
 Hilmon also argued that "had the court below granted the Rule 60(b) motion, a motion to dismiss, based on failure of service of the summons and complaint within 120 days, would have been moot ... Here, if the court had found that service has been proper, there would have been no need for appellant to argue why service was not made within 120 days." This nearly incomprehensible argument is at best wrong, at worst misleading. Hilmon admitted that it failed to properly serve Hyatt International. Its Rule 60(b) motion presents no argument against the court's order quashing service on Hyatt International, nor any reason why its case should not be dismissed. Instead, the motion argued exclusively against the jurisdictional dismissals of three other defendants.[9] Finally, the order which dismissed Hyatt International is the order on Hilmon's 60(b) motion. Consequently, Hilmon's suggestion that the court's Rule 60(b) motion would moot Hyatt International's dismissal is simply incredible.
 
 II.
 
 11
 Rule 38 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Fed.R.App.P. 38. This court employs an objective standard to determine whether or not an appeal is frivolous. "Rule 38 focuses on the merits of the appeal regardless of good or bad faith." Sun Ship, Inc. v. Matson, 785 F.2d at 64. "Damages are awarded by the court in its discretion in the case of a frivolous appeal as a matter of justice to the appellee and as a penalty against the appellant." Fed.R.App.P. 38 Advisory Committee Note. "They are generally assessed if the appeal is wholly without merit." Sauers v. Commissioner of Internal Revenue, 771 F.2d 64, 70 n. 9 (3d Cir.1985), cert. denied 476 U.S. 1162, 106 S.Ct. 2286, 90 L.Ed.2d 727 (1986).
 
 
 12
 The courts labor under a significant burden of litigation which is unnecessarily compounded when frivolous appeals are pursued. We must "preserve the appellate court calendar for cases worthy of consideration." Ruderer v. Fines, 614 F.2d 1128, 1132 (7th Cir.1980). This court has been reluctant to classify appeals as frivolous, so that novel theories will not be chilled and litigants advancing any claim or defense which has colorable support under existing law or reasonable extensions thereof will not be deterred. Nevertheless, this case requires a Rule 38 award. On each appeal, the Hyatt appellees were forced unnecessarily to submit briefs and motions to have the dispute resolved. On each appeal they were forced to absorb the expense and endure the delay of a decision on an unworthy claim. Even if Hilmon held a subjective belief in the merits of its claims, it is nonetheless culpable because at the outset the result of each appeal was obvious: they were utterly without merit and could only result in delay.
 
 
 13
 In its response to the Hyatt appellee's motion, Hilmon proffers no colorable argument why either delay damages are not proper or why the fees and costs claimed as damages herein should not be awarded, nor do we find one. Hence, we hold that an award of attorney's fees and costs which the Hyatt appellees incurred defending Hilmon's appeal should be imposed under Rule 38.
 
 III.
 
 14
 The final question is whether the award should be imposed against Hilmon, his attorney or both. Although the rule itself is silent, and this court has yet to answer the question, most courts of appeal have concluded that a Rule 38 damage award may be imposed against the attorney. Ortiz-Villafane v. Segarra, 797 F.2d 1 (1st Cir.1986) (Rule 38 damages to be paid by appellant's counsel); Bartel Dental Books Co., Inc. v. Schultz, 786 F.2d 486, 491 (2d Cir.1986) ("Attorneys can be held jointly and severally liable with their clients under Rule 38 for bringing frivolous appeals.") cert. denied 478 U.S. 1006, 106 S.Ct. 3298, 92 L.Ed.2d 713 (1987); Coghlan v. Starkey, 852 F.2d 806 (5th Cir.1988) (Rule 38 damages imposed against appellant's counsel); Matter of Wildman, 859 F.2d 553, 560 (7th Cir.1988) (Rule 38 damages against appellant and his counsel); Hill v. Norfolk and Western Ry. Co., 814 F.2d 1192 (7th Cir.1987) (Court of Appeals, through Rule 38, has power to order appellant's counsel to bear the cost of Rule 38 damages personally); In re: Becraft, 885 F.2d 547, 548 (9th Cir.1989) (Rule 38 damages imposed against appellate counsel; Rule 38 damages awarded against criminal defense counsel); Braley v. Campbell, 832 F.2d 1504 (10th Cir.1987) (Rule 38 permits damages against appellant's counsel); Saltany v. Reagan, 886 F.2d 438 (D.C.Cir.1989) (Rule 38 damages imposed only against counsel); Amodeo v. Dept. of Transp., F.A.A., 788 F.2d 1549 (Fed.Cir.) (Rule 38 damages imposed solely on appellant's counsel because he was responsible for what took place), cert. denied, 479 U.S. 849, 107 S.Ct. 174, 93 L.Ed.2d 111 (1986); cf. NCNB Nat. Bank of North Carolina v. Tiller, 814 F.2d 931 (4th Cir.1987) (Imposed Rule 38 damages against appellant; sanctioned attorney under a local rule); Reynolds v. Humko Products, 756 F.2d 469, 473 (6th Cir.1985) (Rule 38 damages "may be assessed against an appellant;" sanctions against appellant's attorney made under 28 U.S.C. Sec. 1927); Hughes v. Hoffman, 750 F.2d 53 (8th Cir.1984) (Sanctioned both appellant and his counsel, citing to both Rule 38 and 28 U.S.C. Sec. 1927).
 
 
 15
 We likewise conclude that Rule 38 damages may, and in this case will be imposed against appellant's counsel.[10] Since Rule 38 may result in a damage award against a client, attorneys have an affirmative obligation to research the law and to determine if a claim on appeal is utterly without merit and may be deemed frivolous. We conclude that if counsel ignore or fail in this obligation to their client, they do so at their peril and may become personally liable to satisfy a Rule 38 award. The test is whether, following a thorough analysis of the record and careful research of the law, a reasonable attorney would conclude that the appeal is frivolous.
 
 
 16
 Here, the blameworthy acts consist of either ignoring or purposely disregarding the law and procedure. These are areas of expertise customarily committed to counsel and not the party. We see no reason whatsoever why the burden of attorney error or ignorance should fall full upon Hilmon, who had a right to rely upon its attorney for sound advice on both law and procedure. Rather, the incidence should rest upon the attorney who is responsible for pursuing the frivolous appeal. Moreover, nowhere in his response to the Hyatt appellee's motion does Attorney Gurrola even try to present a colorable argument to explain away his cavalier attitude for both the court and opposing counsel by first failing to appear for oral argument and, foremost, by failing to provide notice to either in time to avoid waste and delay.
 
 IV.
 
 17
 Accordingly, an award will be made in favor of the Hyatt appellees for attorney's fees in the amount of $23,393.23, and costs in the amount of $2,267.53,[11] to be paid by Emilio T. Gurrola, attorney for appellant.[12] Payment is to be made in favor of Greer, Homer and Bonner, P.A., attorneys for the Hyatt appellees, which shall make disbursement or reimbursement to the appropriate appellees.
 
 ORDER
 ON MOTION FOR COSTS AND ATTORNEYS' FEES
 
 18
 Upon consideration of the appellees' motion for costs and attorneys' fees and the appellant's opposition thereto, which were submitted pursuant to Court Rule 11(1).
 
 
 19
 It is hereby ordered and adjudged by this Court that the motion is granted and an award is made in favor of the Hyatt appellees for attorney fees in the amount of $23,393.23 and costs in the amount of $2,267.53 to be paid by Emilio T. Gurrola, Esquire, counsel for appellant. It is further ordered that payment is to be made in favor of Greer, Homer and Bonner, P.A., attorneys for the Hyatt appellees, which shall make disbursement to the appropriate appellees. All of the above in accordance with the opinion of this Court.
 
 
 
 *
 Chief Judge Gibbons, who presided on appeal, retired after the opinion on the merits was filed. Judges Mansmann and Nygaard constitute a quorum pursuant to 28 U.S.C. Sec. 46(d)
 
 
 [1]
 The Hyatt appellees also ask that we remand the matter for consideration of Rule 11 sanctions for Hilmon's conduct before the district court. Final judgment has been entered in favor of Hyatt International and its request is untimely. Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90 (3d Cir.1988). Since no final judgment has been entered with respect to the other Hyatt appellees, their Rule 11 motion must be filed in the district court for it to determine
 
 
 [2]
 Hilmon actually filed three appeals. The first one was not final, non-appealable, and eventually dismissed upon Hilmon's own motion
 
 
 [3]
 Attorney Farrelly filed no Entry of Appearance, but had acted as local counsel and assisted the attorney of record, Emilio T. Gurrola, by filing papers on his behalf. He had done no work on the appeal
 
 
 [4]
 A letter dated December 6, 1989 from Los Angeles, and addressed to the "Clerk of Courts, U.S. Court of Appeals Third Circuit, Virgin Islands," was delivered later. The letter stated in pertinent part, "... Because of a trial I am handling here in Los Angeles, California, I am unable to appear." The merits panel did not see this letter until appended to the Hyatt appellee's motion for sanctions
 
 
 [5]
 The order Hilmon wanted certified as final dismissed Hyatt Development Corporation, Hyatt Corporation, and Richard L. Schulze because Hilmon failed to allege sufficient contacts with the Virgin Islands to establish personal jurisdiction
 
 
 [6]
 The order did not expressly rely upon Rule 4(j). The parties all agree, however, that the dismissal was pursuant to Rule 4(j)
 
 
 [7]
 In a memorandum filed approximately eight months after the complaint was filed, Hilmon expressly admitted that it had not served Hyatt International
 
 
 [8]
 We further note that Hilmon made no attempt in its brief before this court to show that Hyatt International evaded service, or, for that matter, to set forth any evidence of "good cause" it could have presented to the district court
 
 
 [9]
 While encaptioned as a "Motion for Relief from Order (Rule 60(b))," it also contained arguments in support thereof
 
 
 [10]
 We note with keen disappointment that this is not Emilio T. Gurrola's first brush with Rule 38. In Transcontinental, et al v. Jackson, 764 F.2d 1296 (9th Cir.1985), the Court of Appeals for the Ninth Circuit found "Jackson and his attorney Emilio T. Gurrola have repeatedly filed frivolous appeals in this court ..." and therein imposed double costs and attorney's fees against attorney Gurrola and his client pursuant to Rule 38
 
 
 [11]
 We are not awarding double costs, because the Hyatt appellees did not request them
 
 
 [12]
 Attorney Gurrola does not challenge the amount of damages requested by the Hyatt appellees