Mary NAGLE; James A. Shertzer; S. Enola Gochenauer; Alan Shaffer; Eugene C. Adams; George F. Wilt; Michael E. Wilt; Daniel H. Shertzer and James A. Shertzer and Daniel H. Shertzer, Executors under the Will of Elva A. Shertzer, Deceased,

v.

David E. ALSPACH, Trustee in Bankruptcy for Rimar Manufacturing, Inc.; Jacques H. Geisenberger, Jr.; Marvin Krasny; Adelman & Lavine; Adelman, Lavine, Krasny, Gold & Levin; and Rimar Manufacturing, Inc.

v.

Paul R. ROSEN; Spector, Cohen, Hunt & Rosen, P.C.; Spector, Cohen, Gadon & Rosen; Alan S. Fellheimer; Fellheimer, Krakower & Eichen; Fellheimer, Eichen & Goodman and Robert I. Martin,

Mary Nagle, James A. Shertzer, S. Enola Gochenauer, Alan Shaffer, Eugene C. Adams, George F. Wilt, Michael E. Wilt, Dan H. Shertzer, and James A. Shertzer and Daniel H. Shertzer, Executors under the Will of Elva A. Shertzer, Deceased and Rimar Manufacturing, Inc., Appellants.

No. 92–1950.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 10, 1993.

Decided Oct. 25, 1993.

As Amended Nov. 9, 1993.

---

7. Because we affirm on this ground, we need not reach the alternative bases for affirmance advanced by the appellees.

142

Daniel H. Shertzer, Lancaster, PA, for appellants.

Jacques H. Geisenberger, Jr., Lancaster, PA, for appellee David E. Alspach, Trustee in Bankruptcy for Rimar Mfg., Inc., and Rimar Mfg., Inc.

Christopher S. Underhill, Hartman, Underhill & Brubaker, Lancaster, PA, for appellee Jacques H. Geisenberger, Jr.

H. Robert Fiebach, Jeffrey S. Saltz, and Eric A. Packel, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, PA, for appellees Marvin Krasny, Adelman & Lavine, and Adelman, Lavine, Krasny, Gold & Levin.

Before: GREENBERG, NYGAARD and ROSENN, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

The plaintiff-shareholders of Rimar Manufacturing, Inc. filed derivative claims for negligence and legal malpractice against Rimar, Rimar's bankruptcy trustee and his attorneys. They contended that the trustee and his counsel had negligently failed to file a lawsuit on behalf of Rimar within the time permitted by the statute of limitations. The district court granted summary judgment in favor of the defendants on four separate grounds, and plaintiffs now appeal. The plaintiffs, however, challenge only two of the four conclusions reached by the district court which form the basis of its summary judgment. Since they have not challenged two independent bases of the district court's decision, they have waived the opportunity to have them reviewed on appeal and the summary judgment for defendants must stand.[1] Accordingly, we will affirm.

---

1. Additionally, counsel for plaintiffs lists in his notice of appeal that he is appealing on behalf of the *defendant*, Rimar Manufacturing, Inc. We first note the obvious problem that presents itself

In addition, when we determined this appeal to be frivolous, we gave counsel the opportunity to address whether damages were appropriate under Fed.R.App.P. 38, and if so, in what amount and whether appellants or their counsel should be responsible for paying them. After considering the supplementary material, we find no justification for the frivolous appeal. We will award costs and attorneys' fees to appellees as compensation for defending a frivolous appeal.

## I.

The district court ruled against plaintiffs for four reasons. The court found: (1) the shareholders' claims were barred by the statute of limitations; (2) the shareholders were collaterally estopped from relitigating the issue of Rimar's damages; (3) the shareholders were collaterally estopped from relitigating the trustee's and his counsel's negligence; and (4) the shareholders lacked standing to pursue their claims on behalf of the bankrupt corporation. Each of the separate grounds is factually supported and legally sufficient to support the summary judgment, yet plaintiffs challenge only two in this appeal: the statute of limitations and collateral estoppel on the issue of Rimar's damages.

■ Under Fed.R.App.P. 28(a)(3), (5), the appellant is required to list the issues raised on appeal and present an argument in support of them. We said in *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1065 (3d Cir.1991) that "absent extraordinary circumstances, briefs must contain statements of all issues presented for appeal, together with supporting arguments and citations." Appellants here do not attempt to argue extraordi-

nary circumstances which might excuse their failure to either list or brief these issues. When an issue is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal. *Kost v. Kozakiewicz*, 1 F.3d 176, 182–83 & n. 3 (3d Cir.1993); *Institute for Scientific Info., Inc. v. Gordon & Breach, Science Publishers, Inc.*, 931 F.2d 1002, 1011 (3d Cir.1991); 16 Charles A. Wright, et al., *Federal Practice and Procedure* § 3974, at 421 (1977 & Supp.1993, at 690) (issue must be raised in both the issues and argument sections of the brief); *see also Lunderstadt v. Colafella*, 885 F.2d 66, 78 (3d Cir.1989) (raising issue for first time in reply brief insufficient to preserve for review); *Daggett v. Kimmelman*, 811 F.2d 793, 795 (3d Cir.1987) (same). Here, appellants completely fail to even mention collateral estoppel and only casually mention standing in one sentence. This is insufficient to preserve the issue for review on appeal. *Simmons*, 947 F.2d at 1066; *see Frank v. Colt Indus., Inc.*, 910 F.2d 90, 100 (3d Cir.1990); *Lunderstadt*, 885 F.2d at 78; *Jackson v. University of Pittsburgh*, 826 F.2d 230, 237 (3d Cir.1987) (citing cases), *cert. denied*, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988).

■ Because the plaintiffs have not contested two of the four independent grounds upon which the district court based its grant of summary judgment, each of which is individually sufficient to support that judgment, we must affirm. *See Williams v. Leach*, 938 F.2d 769, 772–73 (7th Cir.1991) (judgment of district court affirmed when only one of two

---

when counsel for the plaintiff/shareholders unilaterally presumes to file a notice of appeal on behalf of the defendant corporation. Plaintiffs were represented below by Daniel H. Shertzer, Esq., and defendant Rimar Manufacturing, Inc. by its Trustee in Bankruptcy, David E. Alspach, was represented by Jacques H. Geisenberger, Jr., Esq. Attorney Shertzer has shown no authority to represent Rimar, whose interests throughout have been represented by and through its Trustee, David E. Alspach, and to the extent his brief purports to do so, it is indeed presumptuous.

Even more fundamentally, judgment by the district court in this case was "entered in favor of all defendants and against the plaintiffs." As

a prevailing party, it is settled law that the defendant Rimar cannot appeal from a judgment in its favor. *In re Glenn W. Turner Enters. Litig.*, 521 F.2d 775, 781 (3d Cir.1975). Yet, Attorney Shertzer makes only the conclusory statement that "the corporation ... is a party to this action [as defendant] and is participating in this appeal." Nowhere does he try to show that Rimar somehow fits into an exception to the general rule barring a prevailing party from taking an appeal. *See, e.g., Delaware Valley Citizens Council v. Davis*, 932 F.2d 256, 263 n. 6 (3d Cir.1991) (recognizing exception where otherwise favorable judgment could have unfavorable collateral estoppel effect).

independent grounds supporting it challenged on appeal).

## II.

### A.

Because this appeal appeared to have been doomed to failure from the moment the plaintiff-appellants' brief was filed in this court, and hence was frivolous, we gave counsel for appellees the opportunity to submit a supplemental brief to address whether they should be awarded damages under Fed. R.App.P. 38, and if so, to submit evidence to support the damages they claimed. We gave counsel for appellant an opportunity to respond and contest the propriety of awarding damages and the amount claimed by appellees. Moreover, we directed counsel for appellants to give his authority for filing a notice of appeal on behalf of Rimar, a prevailing party whom he did not represent. Finally, we requested counsel for appellants to explain why damages, if awarded to appellees, should not be assessed against him personally.

Not surprisingly, appellees do contend that they have suffered a loss by virtue of this frivolous appeal and should be awarded compensatory damages under Fed.R.App.P. 38. They also submitted affidavits supporting the amounts by which they had been damaged by the appeal as follows:

1. Wolf, Block, Schorr & Solis–Cohen fees $8,870.00 + costs $82.50 = $ 8,952.50
2. Christopher S. Underhill, Esquire fees $1,334.50 + costs $69.00 = $ 1,403.50
3. Jacques H. Geisenberger, Esquire fees $1,740.00 + costs $40.00 = $ 1,780.00
 ─────────
 $12,036.00 [2]

Appellants' counsel contends that he did not argue the issue of standing in his brief "because the court's conclusion depended

upon the other issues previously discussed in the opinion," and that he did not understand the court to hold that plaintiffs lacked standing to pursue "a viable action against trustee's counsel." He further asserts that he "intended to discuss briefly at oral argument the two issues [standing and appealing on behalf of a prevailing party who is represented by another] above raised by appellants in their brief."

We do not find the district court's rationale to be confusing or ambiguous. It granted appellees summary judgment and stated its reasons for doing so. Appellant's counsel's somewhat confusing claim that he misunderstood the district court's opinion is not supported and simply insufficient to excuse his failure to challenge the district court's conclusions.

■ Moreover, if raising a new issue in a reply brief is untimely and insufficient to preserve an issue for review, *Lunderstadt*, 885 F.2d at 78, then *a fortiori*, the mere intention to present new issues at oral argument is untimely and insufficient. We point out that an appellate panel may decline to hear oral argument anytime it is "unanimously of the opinion that oral argument is not needed." Third Circuit LAR 34.1(a); *see also* Fed.R.App.P. 34(a).[3] A significant number of cases we decide are submitted on the briefs only. Accordingly, even if presentation of new issues at oral argument were considered timely, it would be a most foolhardy strategy for counsel to pursue. Finally, appellant's counsel offers no explanation why he failed to contest the district court's collateral estoppel conclusion. Appellant's counsel presents no reason to excuse his frivolous appeal.

### B.

We conclude that damages are appropriate. Fed.R.App.P. 38 provides:

---

2. Appellants' counsel does not contest these amounts and only argues that the trustee's counsel should not be entitled to damages in the form of any fees earned before the notice of appeal was filed. We agree and have deleted all fees and costs generated or incurred before the notice of appeal was filed on December 16, 1992. This

figure represents only fees and costs to appellees as a result of this appeal.

3. This was no less true under former Third Circuit Rule 12(6), which was in effect when this appeal was filed and submitted.

If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

The purpose of Rule 38 damages is to compensate appellees who are forced to defend judgments awarded them in the trial court from appeals that are wholly without merit, and to "preserve the appellate court calendar for cases worthy of consideration." *Hilmon Co. (V.I.) Inc. v. Hyatt Int'l*, 899 F.2d 250, 251 (3d Cir.1990). Another important purpose is to discourage litigants from unnecessarily wasting their opponents' time and resources. *Toscano v. Chandris, S.A.*, 934 F.2d 383, 387 (1st Cir.1991) (quoting *Transnational Corp. v. Rodio & Ursillo, Ltd.*, 920 F.2d 1066, 1072 (1st Cir.1990)). Moreover, even though an appellee makes no request for Rule 38 damages, the court may raise the issue *sua sponte. Romala Corp. v. United States*, 927 F.2d 1219, 1225–26 (Fed.Cir. 1991); *Searcy v. Houston Lighting & Power Co.*, 907 F.2d 562, 566 (5th Cir.), *cert. denied*, 498 U.S. 970, 111 S.Ct. 438, 112 L.Ed.2d 421 (1990); *Reis v. Morrison*, 807 F.2d 112, 113 (7th Cir.1986) (per curiam).

 Damages under Rule 38 are appropriate when an appeal is "wholly without merit." *E.g., Quiroga v. Hasbro, Inc.*, 943 F.2d 346, 347 (3d Cir.1991); *Hilmon*, 899 F.2d at 251; *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 64 (3d Cir.1986). Our inquiry is an objective one, focusing "on the merits of the appeal regardless of good or bad faith." *Hilmon*, 899 F.2d at 253 (quoting *Sun Ship*, 785 F.2d at 64). The presence of non-frivolous arguments will not save one who files an otherwise meritless appeal from payment of Rule 38 damages. *See In re Perry*, 918 F.2d 931, 934–35 (Fed. Cir.1990), *cert. denied*, —— U.S. —— ——, 112 S.Ct. 49–50, 116 L.Ed.2d 27 (1991).

 Here, appellants challenged only two of the four conclusions asserted by the district court to support its summary judgment for defendants. Hence, even if we held for appellants on both asserted allegations of error, two unchallenged bases would remain, and we would still affirm the district court's judgment. This appeal therefore never had any possibility of resulting in a reversal and is frivolous. *See Toscano*, 934 F.2d at 387; *Romala Corp.*, 927 F.2d at 1222 (discussing

*Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1578–80 (Fed.Cir.1991)).

We are well aware that injudicious awards of Rule 38 damages may have the potential to chill the zeal for pursuing novel questions and difficult appeals. *See Hilmon*, 899 F.2d at 253. As the *Finch* court pointed out, sometimes a questionable appeal may be due to mere overzealousness or inexperience of counsel, and it is sometimes difficult to draw the line "between the tenuously arguable and the frivolous." 926 F.2d at 1578. Hence, we move with caution and will not label an appeal frivolous unless it lacks colorable support or is wholly without merit. Here, however, there was no possibility of success, and it is patently unfair to allow appellees who have been damaged financially by a frivolous appeal to go uncompensated. We see no chilling effect whatsoever in requiring an attorney, once a proper decision to appeal has been made, to be professional and diligent in prosecuting it. Indeed, any other rule would prejudice the very clients whose interests the attorney is duty-bound to protect, and who properly rely on their attorneys to zealously advocate their causes.

### C.

 We also believe it is appropriate to impose the burden for payment of these damages upon appellants' counsel rather than on the appellants. In *Hilmon*, we held that the burden for payment of Rule 38 damages may be imposed upon counsel for appellant when the frivolous appeal stems from counsel's professional error. 899 F.2d at 253–54; *see also Quiroga*, 943 F.2d at 347. Appellants' counsel has offered no reason to show that the fault for the frivolous appeal lies anywhere but with him. Moreover, it is inconceivable that appellants would request that their attorney not challenge alleged errors when the failure to do so would result in a certain loss. In *Hilmon*, we set the standard that

attorneys have an affirmative obligation to research the law and to determine if a claim on appeal is utterly without merit and may be deemed frivolous. We conclude that if counsel ignore or fail in this obligation to their client, they do so at their peril and may become personally liable to satisfy a Rule 38 award. The test is

whether, following a thorough analysis of the record and careful research of the law, a reasonable attorney would conclude that the appeal is frivolous. 899 F.2d at 254.

Appellants' counsel should have known that unless all four conclusions reached by the district court in support of its summary judgment were challenged, the appeal he filed had no chance whatsoever of success. It is manifestly evident that the responsibility for paying these damages rests squarely upon counsel.

### III.

Because the grounds asserted by plaintiffs are insufficient to overturn the district court's summary judgment in favor of defendants, we will affirm that judgment. Because this appeal was frivolous and the fault of counsel, we will impose damages in the total amount of $12,036.00, payable by appellants' counsel as follows to:

1. Wolf, Block, Schorr & Solis–Cohen $8,952.50

2. Christopher S. Underhill, Esquire $1,403.50

3. Jacques H. Geisenberger, Esquire $1,780.00