

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-22-2005

# Portal v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2432

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Portal v. Atty Gen USA" (2005). *2005 Decisions.* Paper 211.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/211

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-2432

_____

TULIO PORTAL,

Petitioner,

vs.

United States Attorney General,

Respondent.

_____

On Petition for Review of an Order of
the Board of Immigration Appeals
U.S. Department of Justice
Executive Office for Immigration Review
(BIA No. A77 037 642)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 8, 2005

_____

Before: ROTH, FUENTES, and GARTH, <u>Circuit</u> <u>Judges</u>

( Filed: November 22, 2005)

_____

OPINION

_____

Garth, <u>Circuit</u> <u>Judge</u>:

Tulio Portal ("Mr. Portal") petitions for review of an order of the Board of

Immigration Appeals ("BIA") denying his motion to reopen because it was untimely filed.

We will deny the petition.

I.

On November 14, 2001, the former Immigration and Naturalization Service

("INS")[1] issued a Notice to Appear charging Mr. Portal, a native and citizen of Peru, with

being removable as an alien present in the United States who had not been admitted or

paroled. *See* 8 U.S.C. §1182(a)(6)(A)(i). An Immigration Judge ("IJ") found Mr. Portal

removable as charged, and granted him voluntary departure, on February 28, 2002. Mr.

Portal moved to reopen proceedings ("first motion to reopen") so that he could apply for

adjustment of status based on his marriage to a United States citizen. The IJ denied this

motion on April 15, 2002, and, on May 7, 2003, the BIA affirmed. Mr. Portal did not

petition for review of the BIA's May 7, 2003 decision.

Mr. Portal and his first wife divorced, but, on January 14, 2004, Mr. Portal re-

married. On March 4, 2004, Mr. Portal moved the BIA to reopen proceedings ("second

motion to reopen") so that he could apply to adjust status based on the pending

---

[1] As of March 2003, "the INS ceased to exist as an independent agency within the United States Department of Justice ['DOJ'] and its functions were transferred to the newly formed United States Department of Homeland Security." *Leia v. Ashcroft*, 393 F.3d 427, 430 n.4 (3d Cir. 2005). The BIA remains within the DOJ. *Knapik v. Ashcroft*, 384 F.3d 84, 86 n.2 (3d Cir. 2004) (citing Homeland Security Act of 2002, Pub. L. No. 107-296, §§ 441, 451, 471, 116 Stat. 2135 (2002)).

employment-based visa petition ("I-140 petition") of his second wife. The BIA denied

that motion as untimely on April 21, 2004. Mr. Portal petitions this Court to review the

BIA's April 21, 2004 decision.

## II.

We exercise jurisdiction over Mr. Portal's Petition for Review pursuant to 8 U.S.C.

§1252(a)(1). We review the denial of a motion to reopen for abuse of discretion. *Lu v.*

*Ashcroft*, 259 F.3d 127, 131 (3d Cir. 2001). "We have traditionally disfavored motions to

reopen immigration proceedings." *Id.*

## III.

In his brief to this Court, Mr. Portal has not challenged the BIA's conclusion that

his second motion to reopen was untimely. He has therefore waived the only viable issue

on appeal. *Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993).

We note nevertheless that the BIA did not abuse its discretion in denying Mr.

Portal's second motion to reopen. With certain exceptions that do not apply here, a

motion to reopen must be filed no later than 90 days after the date on which the final

administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R.

§1003.2(c)(2). Mr. Portal filed his second motion to reopen nearly ten months after the

BIA's May 7, 2003 decision.

In his brief, Mr. Portal advances arguments about the merits of his first motion to

reopen. Mr. Portal has not, however, petitioned for review of the BIA's decision

affirming the IJ's denial of his first motion to reopen, nor could he do so at this late date. 8 U.S.C. §1252(b)(1). We therefore lack jurisdiction to consider these arguments.

Mr. Portal also argues here for the first time that he is eligible to adjust his status based on his second wife's approved I-140 petition. He has submitted with his brief a copy of the notice approving the I-140 petition, which was issued almost two months after the April 21, 2004 BIA decision we are asked to review here. We may not consider this document because it did not appear in the administrative record. 8 U.S.C. §1252(b)(4)(A).

Mr. Portal's Petition for Review will be DENIED.