

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2005

# Liliana v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1245

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Liliana v. Atty Gen USA" (2005). *2005 Decisions.* Paper 65.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/65

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1245

———

LILIANA

<u>Petitioner</u>

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,

<u>Respondents</u>

———

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA Nos. A79-319-018, A79-319-019)

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 16, 2005

Before: SLOVITER, SMITH, and VAN ANTWERPEN, <u>Circuit Judges</u>.

(Filed: December 21, 2005)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, <u>Circuit Judge</u>.

Petitioner Liliana and her husband Hendriesoon,[1] both Catholic, ethnic Chinese natives of Indonesia, seek review of the decision of the Board of Immigration ("BIA") affirming without opinion the denial by the Immigration Judge ("IJ") of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and the grant by the IJ of voluntary departure. The BIA had jurisdiction pursuant to 8 C.F.R. § 1003.1. This Court has jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a)(1). For the reasons set forth below, we will deny the petition for review.

I.

Because we write solely for the benefit of the parties, we state the facts only as they pertain to our analysis.

Liliana, who was born in Indonesia, entered the United States in New York City on July 9, 2000, using a non-immigrant visa. Liliana's husband, Hendriesoon, entered at the same time. Both Liliana and Hendriesoon conceded removability and appeared before an IJ. Liliana, the only witness, testified that she had been harassed by native Indonesians since she was a student, that she had been spit on and had stones thrown at her while the name "China"

---

[1]Hendriesoon was included in Liliana's asylum application, and the IJ treated their claims for relief collectively with Liliana as lead respondent. However, it appears from the petition for review to this Court, as well as from the Brief in Support of the Respondent's Appeal to the BIA, that only Liliana has challenged the denial of her application. Since we will deny the petition for review regarding Liliana's application, Hendriesoon's derivative application for relief is necessarily included.

was called. She testified that while riding a bus once, she was harassed and "fondled." She testified to one specific event on May 12, 2000, in which she was accosted by a group of people while she had stopped to change a flat tire; the crowd allegedly banged on her car and broke her windshield. She received cuts from the glass. At the time, she testified, she was wearing a cross around her neck. She also complained to her supervisor at a factory regarding intimidation there, including punctured tires, but her complaints were ignored. A month later, one of the churches she attended was allegedly attacked and damaged by Muslims. Liliana also described her attendance at various churches in Indonesia, and at a church in the United States.

In an oral decision dated October 17, 2003, the IJ denied both Liliana and Hendriesoon's applications for asylum, withholding of removal, and protection under the CAT. The IJ granted voluntary departure. While the IJ found that Liliana was credible regarding specific incidents, the IJ held that Liliana had failed to establish past persecution on account of either religion or ethnicity. The IJ further found that while Liliana had credibly demonstrated a subjective fear of persecution should she return to Indonesia, there was insufficient objective evidence to support a fear of future persecution based on either religion or ethnicity. Liliana timely filed a petition for review with the BIA, challenging the IJ's Order. The BIA affirmed without opinion in a Per Curiam Order dated December 27, 2004. Liliana then filed this timely petition for review.

II.

Where the BIA affirms without opinion, this Court reviews the IJ's opinion. Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001). While Liliana challenges the IJ's determinations as errors of law, they are instead findings of fact that are properly reviewed under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Such determinations are upheld unless a "reasonable adjudicator would be compelled to conclude to the contrary," considering the totality of the circumstances. Gao, 299 F.3d at 272 (quoting 8 U.S.C. § 1252(b)(4)(B)). To establish an asylum claim, an applicant must show either past persecution or a well-founded fear of persecution on account of, *inter alia*, religion or ethnicity. 8 U.S.C. § 1101(a)(42)(A). The applicant must prove a credible "subjective fear of persecution that is supported by objective evidence that persecution is a reasonable probability." Abdille v. Ashcroft, 242 F.3d 477, 495-96 (3d Cir. 2001).

### III.

On appeal, Liliana argues only her asylum claim. The withholding of removal and CAT claims are therefore deemed waived. See Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993).

### IV.

We recently addressed a similar situation in Lie v. Ashcroft, 396 F.3d 530 (3d Cir. 2005), and many of our findings there are relevant today. In Lie we affirmed the BIA's holding that incidents – far more serious than those the IJ found credible in Liliana's case –

4

failed to rise to the level of past persecution on account of a statutorily-protected ground. The Catholic, ethnic Chinese petitioners in Lie detailed two robberies, the calling of names such as "Chinese pig," and a stabbing; the petitioners showed evidence that they were Catholic, and attended mass on Sundays.

Substantial evidence supports the IJ's conclusion here that the incidents detailed by Liliana similarly fail to rise to the level of "persecution," even if they were motivated by her religion or ethnicity (which we do not conclude).[2]  Persecution is "extreme conduct," not simply harassment or injury.  Fatin v. INS, 12 F.3d 1233, 1240 n.10 (3d Cir. 1993); see also id. at 1240 ("threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom"), quoted in Lie, 396 F.3d at 536.  The IJ here found Liliana's testimony regarding specific incidents credible, but those incidents do not show persecution.  Liliana's tires were punctured, she was harassed on a bus, and stones were thrown at her car.  These incidents were "isolated criminal acts, perpetrated by unknown assailants," and are not "sufficiently severe to be considered persecution."  Lie, 396 F.3d at 536.[3]

Substantial evidence also supports the IJ's conclusion that even accepting that Liliana had a *subjective* fear of persecution upon return to Indonesia, the IJ could not find *objective*

---

[2]In Lie, we also held that absent evidence beyond simple ethnic slurs, "the evidence of general ethnic difficulties would not compel a reasonable factfinder to conclude that the intrusions were 'on account of' Lie's ethnicity or religion."  396 F.3d at 535-36.

[3]We also agree with the IJ that the damage to her church cannot be considered the "persecution" of Liliana, when she was not present during the incident, and was not harmed.

facts to support the reasonableness of that fear. The IJ reviewed the country reports from the State Department, and articles from the <u>Christian Science Monitor</u> and CNN. On appeal, Liliana appears to confuse the requirement of objective facts with a request for corroborating evidence. The IJ accepted Liliana's testimony as credible. An objective basis for a fear of future persecution, however, is a separate and indispensable requirement designed to ensure that "a reasonable person in the alien's circumstances would fear persecution if returned to the country." <u>Zubeda v. Ashcroft</u>, 333 F.3d 463, 469 (3d Cir. 2003). Contrary to Liliana's repeated assertions on appeal, we do not look at the objective evidence through Liliana's eyes; to do so would be to render it a subjective inquiry.

In <u>Lie</u>, we affirmed the BIA's holding that the petitioner there had "failed to establish either that she faces an individualized risk of persecution or that there is a 'pattern or practice' of persecution of Chinese Christians in Indonesia." 396 F.3d at 537. Here, Liliana's siblings remain in Indonesia, and she has presented no individualized evidence that she has been, or would be, singled out for persecution.[4] The IJ reviewed the objective evidence submitted and found that laws and practices discriminating against ethnic Chinese in Indonesia had been abolished; that recent articles suggested that Muslims and Catholics were *cooperating* in protesting American involvement in the Iraq war; and that current

---

[4]On appeal, Liliana makes much of the IJ's statements that Liliana was merely a member of a church, and not a religious activist proselytizing in the community. The IJ did not rest her decision on this ground, although it certainly does support the IJ's decision that Liliana would not be targeted on an individual basis for religious reasons.

country reports did not support the reasonableness of Liliana's fear of future persecution. Substantial evidence supports these conclusions. See Lie, 396 F.3d at 537-38 (rejecting the argument that attacks in Indonesia "primarily wrought by fellow citizens and not the result of governmental action or acquiescence . . . . constitute[d] a pattern or practice of persecution against Chinese Christians").

V.

Liliana also argues that the BIA erred by affirming without opinion the IJ's Order. Because the IJ did not err in this case, and because we have repeatedly upheld the overall constitutionality of the BIA's affirmance without opinion procedures, we reject this argument. See Dia v. Ashcroft, 353 F.3d 228 (3d Cir. 2003) (en banc).

VI.

Substantial evidence supports the IJ's conclusions that Liliana failed to show either past persecution or a well-founded fear of future persecution. For the foregoing reasons, then, we will deny the petition for review. We have considered all other arguments made by the parties on appeal, and conclude that no further discussion is necessary.