

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2006

# Thiem v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4208

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Thiem v. Atty Gen USA" (2006). *2006 Decisions*. Paper 362.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/362

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4208

_____

SIE GIE THIEM,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On petition for review of a final order
of the Board of Immigration Appeals
(BIA No. A97-149-990)

_____

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
September 29, 2006

Before: RENDELL, ROTH, and GIBSON,[*] <u>Circuit Judges</u>.

(Filed October 4, 2006 )

_____

OPINION OF THE COURT

_____

PER CURIAM

     This petition for review challenges the Board of Immigration Appeals' (BIA) order

affirming an Immigration Judge's (IJ) order to deny a deportable alien's claim to asylum,

_____

[*] Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

withholding of removal, and protection under Article 3 of the Convention against Torture. We will deny the petition for review.

I.

Petitioner Sie Gie Thiem, an ethnic Chinese and Buddhist, is a native and citizen of Indonesia. He was admitted into the United States on October 24, 2000, as a nonimmigrant B-2 with authorization to remain in the United States for a temporary period ending April 23, 2001. Without authorization from the Immigration and Naturalization Service, now a component of the Department of Homeland Security, Thiem remained in the United States beyond the specified date. On June 13, 2003, the Department of Homeland Security placed him in removal proceedings.

At Thiem's removal hearing on November 5, 2003, Thiem conceded removability and stated his intent to seek asylum, withholding of removal, and CAT protection. Thiem filed an application for asylum and withholding of removal on January 11, 2004, more than three years after his arrival in the United States. In his application for asylum and withholding of removal, Thiem described three incidents that occurred in Indonesia that form the basis of his request for asylum and withholding of removal. He asserted that, as a child, he was robbed by unidentified individuals who cut him with a razor and called him a "Chinese dog." On another occasion, also as a child, he was punched inside a cinema by men yelling "Chinese move." Finally, he asserted that on January 26, 2000, he was nearly robbed of his motorbike and beaten on the leg with wooden clubs by people in his area, some of whom he knew.

Thiem conceded at his May 18, 2004, merits hearing that both robberies were most likely motivated by money. Thiem also testified that he filed an application for asylum in the United States because of his fears concerning riots that occurred in Surabaya in May of 1998. Thiem conceded, however, that while rioting occurred in his area, nothing happened to him personally.

Following the merits hearing, the IJ pretermitted and denied Thiem's asylum application as untimely filed, alternatively denied the asylum application upon the merits, and denied Thiem's withholding of removal and CAT protection claims. On appeal, the BIA adopted and affirmed the IJ's decision in a per curiam order.

II.

We have jurisdiction to review the decision of the BIA pursuant to 8 U.S.C. § 1252. Where the BIA issues its own opinion, we review the decision of the BIA. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). While Thiem focuses his brief upon the denial of asylum, we lack jurisdiction to consider the BIA's determination that the asylum petition was not timely and that there were no extraordinary circumstances excusing lateness. See 8 U.S.C. § 1158(a)(3); Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006) (holding that discretionary determinations continue to fall outside of the jurisdiction of the Court despite the changes enacted by the REAL ID Act).

We retain jurisdiction, however, to review the denial of statutory withholding.[1] On

---

[1] The BIA also denied Thiem's application for protection under the Convention against Torture. Thiem, however, did not raise the issue in his brief and therefore waived the issue on appeal. See Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993).

appeal, we must affirm the BIA's decision if there is substantial evidence on the record to sustain it. Abdille v. Ashcroft, 242 F.3d 477 (3d Cir. 2001). We may decline to uphold the BIA's decision only if the evidence compels a contrary conclusion. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992). In order to be entitled to withholding of removal, an alien must demonstrate by a clear probability that upon return to his home country, the alien's life or freedom would be threatened because of the alien's race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A). This standard requires the alien to demonstrate that "it is more likely than not that the alien would be subject to persecution." INS v. Stevic, 467 U.S. 407, 424 (1984).

An alien can establish eligibility for withholding of removal either by demonstrating past persecution or by showing the likelihood of future persecution. 8 C.F.R. § 1208.16(b). Persecution has been defined to include "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). In the event that an alien cannot demonstrate past persecution, an alien may still be eligible for withholding of removal by demonstrating "that in that country there is a pattern or practice of persecution of a group of persons similarly situated to the applicant" on account of a protected ground. 8 C.F.R. § 208.16(b)(2)(i).

Reviewing the record, we conclude that substantial evidence supports the BIA's conclusion. We have found that "two isolated criminal acts, perpetrated by unknown

assailants, which resulted only in the theft of some personal property and a minor injury, is not sufficiently severe to be considered persecution." Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005). The three incidents described by Thiem, while troubling, do not rise to a level of severity needed for a claim for persecution.

Likewise, we also found that in the course of a robbery, a "single ethnic slur was insufficient to establish" a claim of persecution on the basis of ethnicity. Id. at 535. Thiem provided no evidence regarding animus on the basis of ethnicity beyond the few ethnic slurs that have been directed at him. His testimony that the robberies were motivated by money, moreover, undermines his claim regarding persecution on the basis of ethnicity. See Id. Substantial evidence therefore supports the BIA's conclusion that Thiem had not established that he was the victim of past persecution.

Reviewing the record, it appears that Thiem offered no evidence regarding any likelihood of future persecution upon return to Indonesia. Thiem conceded that he had two sisters living safely in Indonesia, which diminishes his claim of fear of future persecution. See Id. at 537. The record also reveals no evidence submitted by Thiem regarding a "pattern or practice" of persecution targeting ethnic Chinese in Indonesia. We therefore also conclude that substantial evidence supports the BIA's conclusion that Thiem did not establish a threat to his life or freedom upon return to Indonesia.

Accordingly, we hold that the denial of withholding of removal was supported by substantial evidence. The petition for review will be denied.