**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1174
_____

VINCENT O. EZEIRUAKU,
doing business as SABA PRODUCTS


v.

DAN BULL, Individually and as an officer of the
London Police; DAVID MARCH, Detective Constable
of the London Police, Individually and as an officer
of the London Police; LONDON POLICE

Vincent O. Ezeiruaku,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-14-cv-02567)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2015

Before: FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: July 13, 2015)
_____

OPINION[*]
_____

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Vincent O. Ezeiruaku appeals from an order of the District Court dismissing his complaint for lack of subject matter jurisdiction. For the reasons that follow, we will affirm.

On January 18, 2013, while travelling through London's Heathrow Airport, Ezeiruaku, a naturalized citizen of the United States, was detained by Officers Dan Bull and David March of the Metropolitan Police Services. Ezeiruaku had in his possession $80,000 in United States currency. The currency was seized by the police and held for fourteen months. Ezeiruaku was told to proceed with his trip but that further investigation was needed to determine whether the currency was forfeitable. Appellant's Informal Brief, at 1. The cash was eventually returned to him, allegedly without interest. Ezeiruaku filed suit in the United States District Court for the District of New Jersey against Bull, March, and the London Police,[1] alleging violations of his constitutional right to due process, and his property rights, in connection with the seizure of his funds. Ezeiruaku sought money damages for business losses associated with the seizure.[2]

The defendants moved to dismiss the complaint, in the main, pursuant to Fed. R. Civ. Pro. 12(b)(1) and on the basis of the Foreign Sovereign Immunities Act ("FSIA"),

---

[1] The correct defendant is the Commissioner of Police of the Metropolis.
[2] Ezeiruaku claimed a "loss of profit in the amount of $500,000 (plaintiff brought the $80,000 specifically to purchase 20 Sandy/flood cars which he would have made profit of $25,000 on each sale; [and] loss of any opportunity to repeat the purchase and sale venture which could have been done at least twice … during the one year period the money was seized, causing the loss of $2,000,000; and [ ] $5,200 in interest of the $80,000 as compounded daily." Complaint, at ¶ 9 (emphasis removed).

28 U.S.C. §§ 1330, 1603, and 1605, contending that they were immune from suit because they seized the currency in their official capacity as law enforcement instrumentalities of the United Kingdom. In opposing the defendants' motion to dismiss, Ezeiruaku argued that his complaint fell within the commercial activity, expropriation, and tortious activity exceptions to the jurisdictional immunity of a foreign state under 28 U.S.C. § 1605(a)(2), (3) and (5), and that the defendants engaged in targeted contact with New Jersey, and more generally with the United States, by returning the seized currency to him in New Jersey.

In an order entered on November 3, 2014, the District Court granted the defendants' motion and dismissed Ezeiruaku's complaint, holding that the FSIA insulated the defendants from suit in the United States for the conduct alleged. In an order entered on December 16, 2014, the District Court denied Ezeiruaku's timely filed motion for reconsideration.

Ezeiruaku appeals. We have jurisdiction under 28 U.S.C. § 1291. The determination of the existence of subject matter jurisdiction under the FSIA is a legal question subject to plenary review. See Federal Insurance Co. v. Richard I. Rubin & Company, Inc., 12 F.3d 1270, 1282 (3d Cir. 1993). In his Informal Brief, Ezeiruaku argues that the commercial activity exception applies because foreign states are not immune from suit in the courts of the United States where an act outside the territory of the United States "causes a direct effect in the United States," Appellant's Informal Brief, at 2 (quoting 28 U.S.C. § 1605(a)(2)), and that the District Court incorrectly failed to apply the commercial activity exception to the facts of his case. He argues that there is

3

no "substantial connection with the United States" requirement in the statute, Appellant's Informal Brief, at 4, and that the United Kingdom made a profit by earning interest on his money, which is enough to bring his claim into the federal courts of the United States.

We will affirm. The FSIA provides the exclusive source of potential subject matter jurisdiction over claims in United States courts against foreign states and their agencies or instrumentalities, which, here, plainly includes the defendants. See Republic of Argentina v. Weltover, 504 U.S. 607, 610-11 (1992). See also Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 434-35 (1989). But a foreign state, its agents, and its instrumentalities have presumptive immunity from suits in federal courts, absent a demonstration by the plaintiff that the claim falls within a statutory exception to immunity. 28 U.S.C. § 1604 ("[A] foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607" of the FSIA). Once the defendants make the prima facie case that they are qualifying agents and/or instrumentalities of a foreign state, the burden shifts to the plaintiff to produce sufficient evidence demonstrating the application of one of the statutory exceptions to immunity. See Federal Insurance Co., 12 F.3d at 1285.

In opposing the defendants' motion, Ezeiruaku argued that three different exceptions to immunity applied to his cause of action; on appeal he relies only on the commercial activity exception. We conclude that the District Court properly determined that the defendants are immune from suit under the FSIA and that none of the exceptions to immunity applies here. Ezeiruaku relies on § 1605(a)(2), which states that a foreign state shall not be immune where "the action is based … upon an act outside the territory

4

of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2). In relying on this exception, Ezeiruaku alleged that the defendants' seizure of his cash enabled them to profit from the interest accrued during their retention of his cash.

The FSIA defines "commercial activity" as "either a regular course of commercial conduct or a particular commercial transaction or act." Id. at § 1603. The Act also requires that the "commercial activity" carried on in the United States by a foreign state have "substantial contact" with the United States. Id. at § 1603(e). We have adopted a test to determine whether a foreign state's commercial activities are sufficient to deprive it of immunity under the FSIA. "Under this test, the initial inquiry is whether there is a sufficient jurisdictional connection or nexus between the commercial activity and the United States. The second inquiry is whether there exists a substantive connection or nexus between the commercial activity and the subject matter of the cause of action." Federal Insurance Co., 12 F.3d at 1286.

The District Court concluded that the allegations in Ezeiruaku's complaint were insufficient to show activities that are commercial in nature or in purpose, and we agree that the initial focus must be on whether the defendants' actions qualify as commercial activity. Ezeiruaku has improperly relied upon quintessentially sovereign acts, namely, the policing by local authorities of an international airport, here, London's Heathrow Airport, and not conduct of a nature that a private party would ordinarily undertake for profit. The defendants were enforcing the law of the United Kingdom, both in seizing the

5

currency and in investigating whether it was forfeitable, and thus the conduct at issue bears no transactional relationship whatsoever to the United States. The commercial activities exception thus does not apply. Ezeiruaku will have to pursue a remedy for his alleged financial losses in the courts of the United Kingdom.

For the sake of completeness, we note that the other two exceptions also do not apply to deprive the defendants of their immunity from suit. The expropriation exception provides that a foreign state shall not be immune from the jurisdiction of courts of the United States in a case "in which rights in property taken in violation of international law are in issue and that property … is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property … is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States." 28 U.S.C. § 1605(a)(3). Again, Ezeiruaku failed to allege that the defendants engaged in any commercial activity in the United States. As a result, the alleged acts fall outside the scope of the expropriation exception to immunity.

The tortious activity exception provides that a foreign state shall not be immune from the jurisdiction of courts of the United States in any case "in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment...." Id. at § 1605(a)(5). This exception covers only torts occurring within the territorial jurisdiction of the United States. See Argentine

6

Republic, 488 U.S. at 440-41. Even if Ezeiruaku's complaint could plausibly be construed to allege that the defendants engaged in tortious conduct, he did not allege, nor could he allege, that such conduct occurred "within the territorial jurisdiction of the United States[.]" Id. Rather, the conduct clearly occurred within the territorial jurisdiction of the United Kingdom. The tortious activity exception, accordingly, has no application to this litigation.[3]

For the foregoing reasons, we will affirm the order of the District Court dismissing the complaint for lack of subject matter jurisdiction.

---

[3] Because Ezeiruaku did not address it in his brief, he has waived any challenge to the District Court's order denying his motion for reconsideration. Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993) ("When an issue is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal.").