**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for the
National Bank of Washington,
Washington, D.C.,

Plaintiff-Appellee,

v.

EDWARD R. WOODY,
Defendant-Appellant.

No. 96-2095

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Peter J. Messitte, District Judge.
(CA-94-2775-PJM)

Submitted: June 19, 1997

Decided: July 7, 1997

Before WILKINS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David L. Woody, Silver Spring, Maryland, for Appellant. Thomas L.
Hindes, Ann S. DuRoss, Gregory E. Gore, FEDERAL DEPOSIT
INSURANCE CORPORATION, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Edward R. Woody appeals from a district court order entering default judgment against him after he did not file a responsive pleading. The appeal addresses the district court decisions concerning the FDIC's service of process on Woody. Woody does not appeal the entry of default or default judgment entered against him. Finding no error, we affirm.

The FDIC filed suit against Woody as the guarantor on a defaulted note. The maker of the note endorsed the note to the FDIC. On appeal, Woody argues that the service of process was improper. He makes three arguments regarding the service of process. First, he argues that the district court should not have granted the FDIC an extension of time to serve him. Woody, however, actively evaded service of process. Such a finding by the district court warranted its granting of an extension of time for service of process. See Hilman Co. (V.I.) v. Hyatt Int'l, 899 F.2d 250, 252 (3d Cir. 1990).

Second, Woody argues that the court should not have allowed the FDIC to serve him pursuant to Maryland civil procedure rules without fulfilling all requirements of the Maryland rules. Specifically, he alleges that the FDIC did not show that it made a good faith effort to serve him and that service under another rule was inapplicable or impracticable. See Md. R. Civ. P. 2-121(b). The record reflects that it was not an abuse of discretion for the district court to find that the FDIC made these showings. The FDIC submitted uncontroverted affidavits showing that its process servers had made multiple attempts to serve or contact Woody at the addresses which it had for him. A thorough and good faith effort was made to serve Woody under the Maryland civil procedure rules. See Lohman v. Lohman , 626 A.2d 384, 394 (Md. 1993).

Finally, Woody argues that his due process rights were violated because the FDIC did not serve him with a copy of its motion to enlarge time to serve the complaint and for substitute service. Woody did not raise this issue in the district court in his motion to set aside the judgment. Woody was not denied due process because he was not entitled to notice because he was not yet a party to the action. See Fed. R. Civ. P. 5(a). The district court did not err in entertaining the motion.

We therefore affirm the district court order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3