**Pablo Ignacio Velasquez ROBLERO, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 01–2551.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) on March 22, 2004.

Decided July 2, 2004.

Albert Snyder, Snyder & Bailey, Salisbury, MD, for Petitioner.

Michael P. Lindemann, Linda S. Wernery, Thankful T. Vanderstar, John D. Williams, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: ROTH, AMBRO and CHERTOFF, Circuit Judges.

OPINION

ROTH, Circuit Judge.

Pablo Velasquez Roblero seeks review of a May 18, 2001, decision of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) to deny petitioner's motion to reopen removal proceedings.

Roblero, a native citizen of Guatemala, entered the United States on or about December 25, 1989, and was not admitted or paroled. On December 4, 1997, the Immigration and Naturalization Service (INS) issued Roblero a Notice to Appear charging him with being removable as an alien present in the United States without having been admitted or paroled. On No-

vember 12, 1999, the IJ found Roblero removable as charged, denied his applications for asylum and withholding of removal, and found him ineligible for protection under the Convention Against Torture.

Additionally, the IJ dismissed Roblero's application for cancellation of removal noting that he had failed to file the application with the Immigration Court. However, the IJ advised Roblero that if he filed a timely motion to reopen with a complete application for cancellation of removal, the IJ would reopen the case. The IJ then granted Roblero a 60–day period within which to voluntarily depart the United States and advised him that if he failed to depart, he would be ineligible for cancellation of removal.

■ On March 7, 2000, Roblero filed a motion to reopen which was subsequently denied by the IJ as untimely. The IJ also found that because Roblero had failed to voluntarily depart the United States within the prescribed 60 days, he was ineligible for cancellation of removal.

Roblero appealed that decision to the BIA and on May 18, 2001, the BIA dismissed the appeal finding Roblero had not voluntarily departed within the 60–day window proscribed by the IJ and thus, was ineligible for cancellation of removal. Roblero then appealed to this Court alleging that both the IJ and the BIA erred in mistakenly assuming that Roblero's cancellation of removal application was not timely filed.

■ We have jurisdiction to hear Roblero's petition for review pursuant to 8 U.S.C. § 1252. The BIA's decision on a motion to reopen is reviewed for abuse of discretion. *See Ezeagwuna v. Ashcroft*, 325 F.3d 396, 408–09 (3d Cir.2003). However, because in his brief to this court Roblero has failed to address the only issue decided by the BIA, whether he was

ineligible for cancellation of removal because he failed to voluntarily depart within the time allotted to do so, he has waived that issue for purposes of this appeal and, thus, we are left with nothing to review. *Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir.1993) ("When an issue is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal.").

Voluntary departure in removal proceedings is governed by 8 U.S.C. § 1229c. This section provides, *inter alia*, that an alien who fails to depart shall be ineligible for a period of 10 years from any further relief under this section. 8 U.S.C. § 1229c(d). The section also provides that the order granting voluntary departure must inform the alien of the penalties for failure to depart. *Id.*

In the instant case, the IJ's November 12, 1999, order granted Roblero 60 days to voluntarily depart the United States and included a notice of the penalties proscribed in § 1229c(d). This period expired on January 12, 2000. Roblero, however, failed to depart by this date. Instead, almost two months later, on March 7, 2000, he filed a motion to reopen, seeking cancellation of removal. In affirming the IJ's decision, the BIA stated that "[t]he mere filing of a motion to reopen does not obviate the respondent's obligation to leave the United States on the departure date set by the Immigration Judge." We agree. As a matter of law and by operation of § 1229c(d), Roblero is ineligible for cancellation of removal because he failed to voluntarily depart the United States within the proscribed time. Because of this, even if Roblero had challenged the BIA's affirmance on reviewable grounds, we would be forced to agree with its determination.

For the foregoing reasons, the petition for review of the decision of the Board of Immigration Appeals will be denied.