

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2005

# SCM Grp USA v. Custom Designs & Mfg

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3628

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"SCM Grp USA v. Custom Designs & Mfg" (2005). *2005 Decisions.* Paper 363.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/363

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3628

_____

SCM Group USA, Inc.

v.

Custom Design & Manufacturing Co., Inc.,
                                        Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 01-cv-01984)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 30, 2005
Before:  RENDELL, FUENTES and WEIS, Circuit Judges.
(Filed: October 24, 2005)

_____

OPINION

_____

WEIS, Circuit Judge.

In a previous appeal, docketed at 03-2023, a panel of this Court held that

the buyer, Custom Design and Manufacturing Company, Inc., had accepted a machine

manufactured by the seller, SCM Group USA, Inc.  The Court therefore held that Custom

1

Design must pay SCM the contractual price plus any damages that resulted from the breach of contract. The case was remanded to the District Court to "determine damages."

The District Court then entered judgement in favor of SCM in the amount of $179,637.19, the outstanding balance of the contract price plus interest and costs. Custom Design has appealed, asserting that the District Court erred in failing to setoff damages for SCM's inadequate performance. The District Court ruled that Custom Design waived its right to setoff damages because it failed to assert a "counterclaim or any comparable claim" prior to a pretrial memorandum filed on the eve of trial. Therefore, the District Court held that although 13 Pa.C.S.A. § 2714 allows a buyer to claim damages for accepted goods that are nonconforming, the buyer may obtain this remedy only by filing a separate action or a counterclaim. Here, according to the District Court, the buyer did neither.

We note that in its Answer to the plaintiff's Complaint, Custom Design did assert "affirmative defenses" describing some areas of dissatisfaction with SCM's performance. However, this pleading was not designated as a "counterclaim."

Fed. R. Civ. P. 8(c) provides that "[w]hen a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." See also Reiter v. Cooper, 507 U.S. 258, 263 (1993); Schulman v. J.P. Morgan Inv. Mgmt., Inc., 35 F.3d 799, 805 (3d Cir. 1994). In this case, however, neither party directed the District

2

Court's attention to Rule 8, nor have they cited it in their briefs in this appeal. The District Court might have taken a different approach as to the existence of a counterclaim had Rule 8 been brought to its attention. We will not second guess the District Court, however, in the light of the parties' inaction.

Moreover, Custom Design's argument is foreclosed by our previous court order and opinion in which we found Custom Design to be liable for the entire contract price, plus damages resulting from the breach, and remanded for entry of judgment in favor of SCM Group and determination of damages.

Although Custom Design's appeal is not successful, it also is not "wholly without merit." Huck on Behalf of Sea Air Shuttle Corp. v. Dawson, 106 F.3d 45, 52 (3d Cir. 1997) (quoting Nagle v. Alspach, 8 F.3d 141, 145 (3d Cir. 1993)).

Accordingly, we will affirm the Judgment of the District Court.

The motion for sanctions will be denied.