

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-8-2007

# Tjandra v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5437

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Tjandra v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1504.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1504

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No.: 05-5437

DJEMY TJANDRA,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of Final Decision of the
Board of Immigration Appeals
BIA No. A79-312-162
Immigration Judge: Rosalind K. Malloy

_____

Submitted Pursuant to Third Circuit Rule L.A.R. 34.1(a)
February 16, 2007

Before: SMITH, FISHER, Circuit Judges,
and DOWD, District Judge.[*]

(Filed: March 8, 2007 )

_____

OPINION

_____

_____

[*] Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern
District of Ohio, sitting by designation.

DOWD, *Senior United States District Judge*.

Petitioner Djemy Tjandra is a native and citizen of Indonesia. He claims to have suffered past persecution in Indonesia, and to fear future persecution there, because he is a Christian of Chinese ethnicity. He seeks review of an order of an Immigration Judge ("IJ") denying his application for (1) asylum, (2) withholding of removal, and (3) relief under the Convention Against Torture ("CAT"), an order that was adopted and affirmed by the Board of Immigration Appeals ("BIA"). Where, as here, the BIA adopts the opinion of the IJ, we review the decision of the IJ. *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002).

The IJ concluded that Tjandra's asylum application was time barred because it was filed more than one year after the alien's arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). We lack jurisdiction to review that determination. 8 U.S.C. § 1158(a)(3). Petitioner concurs that he may not appeal the denial of his asylum application. Accordingly, we will dismiss Tjandra's petition to the extent it relates to asylum. Petitioner also waives argument concerning appeal of his CAT claim. *See* Pet. Br. at 1, n.1. Based on that waiver, the panel affirms the decision of the IJ to deny relief on the CAT claim. *See Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993).

The appellate briefs, therefore, are focused on this single issue: Did the IJ correctly deny Petitioner's request for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3)? On appeal, Petitioner's main arguments are that

2

the agency failed to consider the record as a whole to determine whether cumulative grounds gave rise to a clear probability of persecution (or demonstrated past persecution). The agency also truncated review inappropriately by only reviewing whether the government had harmed or would harm Mr. Tjandra, whereas the law dictates that he could qualify for relief whether he feared harm at the hands of the government or forces that the government is (or was at the time of the prior harm) unwilling or unable to control.

Pet. Br. at 9.

The IJ, following the offering of testimony and evidence, found Petitioner's testimony not credible due to inconsistencies in the testimony. The IJ also considered that, even if she believed Petitioner's testimony, he had not demonstrated his eligibility for asylum based on a "well-founded" fear of persecution. In her 35 page opinion, she describes and considers the different claims made by Petitioner concerning his treatment in Indonesia. Those claims include harassment due to ethnicity, an allegation that his dog was poisoned by unknown youths when he was a child, the arson of his parent's store, and being locked inside his place of employment during rioting in the streets related to ethnic tensions. Petitioner then seizes on one paragraph of the IJ's decision wherein she summarizes what she considered the most remarkable of petitioner's allegations:

> Even if the Court were to believe that respondent was forced to pay a bribe to police officers as a result of an accident in which a child was struck and even if the Court were to believe that respondent was harassed and called names when he attended church as a youth, and even if the Court were to believe that the respondent was subjected to harassment as a result of a crowd of people gathered around the soccer stadium [during the 1998 riots], the Court would not find that these incidents rise to the level of persecution by the Indonesian government.

3

A.R. 75.

The IJ also accurately observed, in summary, that

[t]he respondent has never been physically harmed by incidents in Indonesia. He was able to attend university through graduation; he was able to find work in various banks; and the Court is not convinced that his trip to the United States was based solely on the fact that he did not feel safe in Indonesia. It appears that [sic] economic situation was the main motivating factor in the respondent's departure from Indonesia to the United States because his priority after arriving in the United States was to seek employment and maintain employment and not to seek asylum or even extend his visa so that he could maintain legal status in the United States. He has said several times, in several different ways, that his main focus and priority, upon arriving in the United States, was employment."

A.R. at 76.

The IJ made additional findings that are unchallenged on appeal with respect to petitioner's religious practices. The IJ ultimately concluded that even if Petitioner's statements are taken as true, Petitioner is not sufficiently active in his religious practices that he would have drawn attention to himself as an adherent of a persecuted faith and that the evidence in the record did not demonstrate that Petitioner was prohibited from practicing his religion. A.R.69-70.

In this case, the IJ found that Petitioner's asylum claim failed both procedurally and on the merits. However, a petition for withholding of removal is subject to a more stringent standard than the "well-founded fear of persecution" standard required to establish eligibility for asylum. *See Ilchuk v. Attorney General*, 434 F.3d 618, 624 (3d Cir. 2006). To obtain withholding of removal under 8 U.S.C. § 1231(b)(3), an alien must

4

demonstrate a "clear probability" of persecution according to one of the five statutory grounds, which include ethnicity and religion. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). In other words, the petitioner must demonstrate that "it is more likely than not" that he would be subject to such persecution if returned to his native land. *Ilchuk*, 434 F.3d at 624. On appeal, we review the IJ's denial of relief to determine if the conclusion is supported by substantial evidence. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

The IJ did not err in concluding that Tjandra had not suffered persecution in the past as we have defined that term for these purposes. *Fatin v. INS,* 12 F.3d 1233, 1240-41 (3d Cir. 1993). The Court is also not persuaded, from its review of the record, that the aggregate effect of the incidents alleged, based on their severity and frequency, amount to persecution from a cumulative perspective. Further, the record belies Petitioner's additional argument that Petitioner has suffered persecution from those the government is unwilling or unable to control. Moreover, substantial evidence supports the IJ's determination that Petitioner failed to establish a well-founded fear of future persecution if he were to return to Indonesia. The record demonstrates that members of Petitioner's immediate family remain in Indonesia and practice their religion without hindrance and have increasing freedom to participate in culturally significant events such as Chinese New Year's celebrations. The reasonableness of Petitioner's fear of future persecution is diminished under the facts of this case.

Based on our review of the record and accepting Tjandra's testimony as credible, we find this case indistinguishable from *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005), where we denied a similar petition for review.

Accordingly, the petition for review will be DISMISSED insofar as it relates to asylum and will be DENIED insofar as it relates to withholding of removal and relief under the Convention Against Torture.