

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2007

# Sumardy v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1861

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Sumardy v. Atty Gen USA" (2007). *2007 Decisions.* Paper 641.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/641

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1861

———

PRIYONO SUMARDY,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY;
BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT,

 Respondent

———

Petition for Review of an Order
of the Board of Immigration Appeals
No. A96-204-393
Immigration Judge: Charles M. Honeyman

———

Submitted Under Third Circuit LAR 34.1(a)

July 12, 2007

Before: SLOVITER, ALDISERT and ROTH, Circuit Judges.

(Filed: August 1, 2007)

———

ALDISERT, <u>Circuit Judge</u>.

Priyono Sumardy, a native and citizen of Indonesia, petitions for review of a final order of the Board of Immigration Appeals ("BIA"). The BIA affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction to review the BIA's final order pursuant to 8 U.S.C. § 1252. Sumardy's petition is limited to his request for withholding of removal. We will deny the Petition.

## I.

The parties are familiar with the facts and proceedings before the BIA and the IJ, so we will revisit them only briefly. Sumardy is a Christian and an ethnically Chinese citizen of Indonesia. On March 10, 2001, he entered the United States for an authorized six-month stay. On March 31, 2004—two and a half years after the expiration of his legal status—Sumardy filed an application for asylum, withholding of removal and relief under the CAT. In support of his application, Sumardy argued that he suffered persecution in Indonesia on account of his religion and ethnicity. He asserted persecution on four alleged bases: (1) being treated as a "second class" citizen, (2) an assault he suffered

during a robbery, (3) having to remain inside during an anti-Christian riot in 1998 and (4) anxiety over general conditions. App. 99.

The IJ who considered Sumardy's case rejected all three applications. First, the IJ determined that Sumardy was ineligible for asylum because his application was not filed in a timely manner. See 8 U.S.C. § 1158(a)(2)(B). Second, the IJ decided that Sumardy did not qualify for withholding of removal because he failed to establish past persecution or that it is more likely than not that he will suffer future persecution. See 8 U.S.C. § 1231(b)(3)(A) (governing withholding of removal claims). Specifically, the IJ determined that the incidents alleged by Sumardy, viewed cumulatively, were not sufficient to support a finding of past persecution on account of ethnicity or religion. The IJ also found that recent reports on country conditions in Indonesia undercut Sumardy's argument that he will suffer future persecution if he is returned. Turning to the third application, the IJ determined that Sumardy did not qualify for protection under the CAT because he failed to prove it is more likely than not that he would be tortured by, or with the acquiescence of, the government. See 8 C.F.R. § 1208.16 (governing CAT claims).

The BIA affirmed and adopted the IJ's decision. Specifically, the BIA agreed with the IJ that (1) the asylum application was not timely filed; (2) petitioner failed to show a "clear probability that his life or freedom would be threatened on account of a protected

3

ground"; and (3) the harm complained of by Sumardy amounted to "discrimination and harassment, but not persecution." App. 2-3.

Sumardy now petitions this Court to review the decision of the Board.

**II.**

On petition to this Court, Sumardy has not raised any argument regarding the IJ's denial of his asylum application on grounds of untimeliness, a determination which, in any event, we lack jurisdiction to review. See 8 U.S.C. § 1158(a)(3). Sumardy also has not raised any argument regarding his application under the CAT, though he did on his appeal to the BIA. As a result, we deem his CAT claim to have been waived. See Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993). We are therefore asked to review only the BIA's rejection of his application for withholding of removal.

**III.**

We now turn to the standard of review for the denial of Sumardy's application for withholding of removal. We must give significant deference to the BIA's decision. We review the Board's decision under the "substantial evidence" standard and may reverse only if the "evidence not only supports that conclusion, but compels it . . . ." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (emphasis in original). Although we generally review only the decisions of the BIA, where the BIA affirms and adopts the decision of the immigration judge, we review the decision of the IJ. See Partyka v. Attorney General, 417 F.3d 408, 411 (3d Cir. 2005).

4

**IV.**

The law in this area is well-settled. To be entitled to withholding of removal, an alien must demonstrate that "'it is more likely than not that [he] would be subject to persecution' in the country to which he would be returned." INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987) (quoting INS v. Stevic, 467 U.S. 407, 429-430 (1984)). An alien can establish eligibility for withholding of removal either (1) by creating a rebuttable presumption of future persecution by demonstrating past persecution or (2) by showing that it is more likely than not that he will suffer future persecution. 8 C.F.R. § 1208.16(b). After review of the record, we conclude that substantial evidence supports the BIA's conclusion that Sumardy does not qualify for withholding of removal.

Sumardy argues that the treatment he received at the hands of Muslim extremists and ethnic Indonesians amounts to past persecution. We disagree. Substantial evidence supports the IJ's determination that the alleged incidents, viewed cumulatively, do not amount to harm that was sufficiently threatening to life or freedom to support a finding of past persecution. This Court has defined persecution to include "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Lukwago v. Ashcroft, 329 F.3d 157, 168 (3d Cir. 2003) (citing Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993)). The events alleged by Sumardy—the robbery and the riot—do not rise to this level. See, e.g., Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (holding that an isolated robbery motivated by ethnicity is not sufficiently

5

severe to rise to the level of persecution where the only harms suffered are loss of property and minor injury).

We next turn to Sumardy's contention that he will be subjected to future persecution in Indonesia because he is an ethnically Chinese Christian. Once again, substantial evidence supports the IJ's holding that Sumardy cannot prove it is more likely than not that he will suffer future persecution. To establish a future persecution claim, a petitioner must demonstrate by clear probability either (1) that he would be singled out for persecution on account of his race or religion, or (2) that there is a "pattern or practice of persecution of a group of persons similarly situated to the applicant . . . ." 8 C.F.R. § 208.16(b)(2). To constitute a "pattern or practice," the persecution of a group must be "systemic, pervasive, or organized." Lie, 396 F.3d at 537 (quoting Ngure v. Ashcroft, 367 F.3d 975, 991 (8th Cir. 2004)). Upon petition to this Court, Sumardy has not argued that he will be singled out for future persecution, but focuses on the pattern or practice of persecution test.

Sumardy argues that the treatment of Chinese Christians by Muslim extremists and ethnic Indonesians constitutes a pattern or practice of persecution. This contradicts the precedent of this Court. In Lie, we held that ethnically Chinese Christians, like Sumardy, do not face systemic persecution in Indonesia because any ongoing violence appears to be "wrought by fellow citizens" and is not the result of "governmental action or acquiescence." Lie, 396 F.3d at 537-538; see Abdulrahman v. Ashcroft, 330 F.3d 587,

592 (3d Cir. 2003) (holding that an act does not constitute persecution unless it is committed by the government or forces the government is either unable or unwilling to control).

Sumardy has not demonstrated that the circumstances in Indonesia have changed for the worse since the decision in Lie. His argument that there is a nationwide pattern of increasing harm is unsupported by the 2003 State Department Country Report on Human Rights Practices or the State Department International Religious Freedom Report of 2004. Those reports, as the IJ noted, indicate a drop in violence and an improvement in religious tolerance. Accordingly, we find that substantial evidence supports the IJ's finding that Sumardy's risk of future persecution in Indonesia is less than a clear probability. We therefore will deny the Petition for Review.

## V.

We have considered all contentions of the parties and conclude that no further discussion is necessary.

The Petition for Review will be denied.