NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3153
_____

DONNA BALTIMORE,

Appellant

v.

HARRISBURG PARKING AUTHORITY; MARK YOBBI;
GAIL LEWIS; NANCY KEIM; JASON BRINKER; RICHARD GIBNEY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-07-01244)
Honorable Yvette Kane, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
March 25, 2011

BEFORE:  FUENTES, SMITH, and GREENBERG, Circuit Judges

(Filed:  March 31, 2011)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

This matter comes on before this Court on Donna Baltimore's appeal from an

order entered in the District Court on July 16, 2010, granting appellees, Harrisburg

Parking Authority, Mark Yobbi, Gail Lewis, Nancy Keim, Richard Gibney and Jason

Brinker, summary judgment on two separate motions in this civil rights action that Baltimore brought against them. See Baltimore v. Harrisburg Parking Auth., Civ. No. 1:07-01244, 2010 U.S. Dist. LEXIS 59508 (M.D. Pa. June 15, 2010). The Court set forth the background of the case in its comprehensive memorandum opinion and thus we do not go into detail describing Baltimore's complaint. Instead, we merely explain that the case arose from Baltimore's discharge from her employment with the Authority because of her alleged theft from it, an allegation that led to the institution of criminal proceedings against her on which she was acquitted on July 7, 2005. After her acquittal, following her unsuccessful attempt to be reinstated to her position, she brought this action on July 9, 2007.

On the summary judgment motions the Court found that some of Baltimore's claims were subject to a statute of limitations that required their filing within two years of July 7, 2005, the day on which she had been acquitted, and some needed to be filed within two years of an even earlier date. The Court then held that those claims were untimely because she did not initiate this action until July 9, 2007. The Court, however, found that her claim that the Authority wrongfully did not rehire her and certain other claims that she advanced were not time barred, and it therefore addressed those claims on the merits but rejected them. Ultimately the Court summed up its holding as follows: "[t]he majority of [Baltimore's] claims are time-barred because [Baltimore] filed her complaint at least two days after the applicable limitations period expired" and, on "her remaining claims based on the Authority's failure to rehire her, [Baltimore] has failed to

2

produce sufficient evidence to withstand Defendants' motions for summary judgment." Id. at *29.

The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367,[1] and we have jurisdiction under 28 U.S.C. § 1291. Ordinarily, we exercise plenary review on an appeal from a summary judgment, see Santos ex rel. Beato v. United States, 559 F.3d 189, 193 (3d Cir. 2009), and thus we can affirm only if appellees can show "that there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, however, as we shall explain, appellees do not have that burden or, for that matter, any burden at all on this appeal.

We start our discussion of the merits of this appeal by pointing out that Baltimore, although in her statement of the case indicating that the District Court granted appellees' motion for summary judgment, then seems to have lost track of the procedural posture of this case. In this regard, we observe that the District Court started its opinion by stating that "[p]ending before the Court are two separate motions for summary judgment[,]" Baltimore, 2010 U.S. Dist. LEXIS 59508, at *1, and it ended its opinion by granting appellees summary judgment both in its opinion and order. Accordingly, it should be clear to anyone that this case is an appeal from an order issued under Fed. R. Civ. P. 56. Yet in Baltimore's brief she addresses the standard of review under Fed. R. Civ. P. 12(b)(6), a rule concerning motions to dismiss for failure to state a claim on which relief may be granted. Then, she starts her discussion of the standard of review by correctly,

---

[1] We note that Baltimore's brief ignores the requirement of Fed. R. App. P. 28(a)(4)(A) as it does not set forth the basis for the District Court's subject matter jurisdiction.

3

but irrelevantly, explaining that we have "plenary powers to review a final appealable order by a United States District Court granting a defense motion pursuant to F. R. Civ. P. 12(b)(6)." Appellant's br. at 6.

Next we quote verbatim from the summary of her argument and Baltimore's argument in her brief:

SUMMARY OF THE ARGUMENT

Criminal proceedings against the appellant ended on July 7, 2005. Plaintiff filed her complaint on July 9, 2007[,] a Monday, July 7, 2007[,] was a Saturday. Plaintiff timely filed her complaint.

ARGUMENT

Heck v. Humprey, 515 U.S.C. [sic] 477 (1994) holds that for purposes of malicious prosecution civil rights claims criminal proceedings must terminate in a complainants favor before an appropriate claim can be brought. On July 7, 2005 the criminal proceedings against plaintiff terminated in her favor. Plaintiff decided to proceed against defendants and met with her attorney on Saturday evening July 7, 2007. Plaintiff filed her complaint on Monday, July 9, 2007. The court erred in dismissing Donna Baltimore's complaint for untimeliness.

Wherefore the Court should order Ms. Baltimore's complaint reinstated.

Appellant's br. at 8-9.

Baltimore's brief is remarkable because she does not address the merits of her case in her argument or explain why the District Court erred in granting summary judgment on the merits, even though the District Court granted summary judgment solely on the merits of the portion of her case that it held was not time barred. Furthermore, Baltimore does not challenge any aspect of the District Court's statute of limitations rulings other than the Court's determination that the statute of limitations ran on a Saturday. Moreover, the

4

brief ignores the Court's alternative holdings that certain of Baltimore's time barred claims also failed on the merits. Baltimore, U.S. Dist. LEXIS at *18 n.4, *19 n.5, and *22. n.7. Indeed, it appears that the Court granted appellees summary judgment on the merits of the entire case or on the basis of conclusions with respect to the statute of limitations that she does not challenge on this appeal.[2]

Appellees answered Baltimore's brief by pointing out, inter alia, that Baltimore had ignored the merits of the case and, for that reason standing alone, we should affirm the District Court's order for summary judgment. Though it might be thought that appellees' briefs would have caused Baltimore to take steps to save her appeal, their briefs had no such effect. Quite to the contrary, Baltimore did not file a reply brief nor did she seek leave to supplement her opening brief so that she could address the merits of the case. In the circumstances, she has waived a challenge to the order for summary judgment and thus we are constrained to reject her appeal. See United States v. Irizarry, 341 F.3d 273, 305 (3d Cir. 2003); Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993); Kost v. Kozakiewicz, 1 F.3d 176, 182 n.3 (1993). We also observe that even though Baltimore is correct that if the statute of limitations runs on a Saturday an action filed on the following Monday is timely, she does not support this contention with any authority, not even mentioning the obvious citation to Fed. R. Civ. P. 6(a)(3).

---

[2] The only claim that the District Court found to be time-barred, but did not also state would fail on the merits, was Baltimore's procedural due process claim. Because that claim related to her contention that the institution of criminal charges against her was an attempt to force her from her employment, it clearly accrued before Baltimore was acquitted on July 7, 2005, and so it was properly found to be time-barred by the District Court.

Overall, we regard the filing of Baltimore's brief as the equivalent of a failure to file a brief and thus we regard her as having abandoned this appeal.[3]  Consequently, though by considering the only issue that Baltimore raises in her argument and the District Court's entire opinion, we would affirm the July 16, 2010 judgment, we, instead will dismiss this appeal.  We direct that Baltimore's attorney provide Baltimore with a copy of this opinion and the accompanying judgment within one week of its filing and that her attorney file an affidavit with the Clerk of this Court confirming that he has complied with this direction.

---

[3] As is common in opinions, we have written this opinion referring to Baltimore as if she wrote the brief herself.  We, of course, know that this is not true as Don Bailey, Esq., has represented her on this appeal as he did in the District Court.