

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-7-2007

# Kusuma v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5369

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Kusuma v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1516.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1516

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No.: 05-5369

MONA DEWI KUSUMA,

Petitioner,

v.

ATTORNEY GENERAL OF THE
UNITED STATES

_____

On Petition for Review of Final Decision of the
Board of Immigration Appeals
BIA No.:A95-144-305
Immigration Judge: Miriam K. Mills

_____

Submitted Pursuant to Third Circuit Rule L.A.R. 34.1(a)
February 16, 2007

Before: SMITH, FISHER, *Circuit Judges,*
and DOWD, District Judge.*

(Filed:  March 7, 2007)
_____

OPINION
_____

DOWD, *Senior United States District Judge.*

---

* Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

Petitioner Mona Dewi Kusuma seeks review of an order of an Immigration Judge ("IJ") denying her application for (1) asylum, (2) withholding of removal, and (3) relief under the Convention Against Torture ("CAT"), an order that was adopted and affirmed by the Board of Immigration Appeals ("BIA"). We will deny Kusuma's petition for review.[1]

Mona Dewi Kusuma is a 43-year-old female native and citizen of Indonesia. On August 31, 2001 Kusuma filed an application for asylum and withholding of removal. In that application, she claimed to have suffered past persecution in Indonesia, and to fear future persecution there, because she is a Christian of Chinese ethnicity. Petitioner claimed she was robbed in February 2000 under threat of being raped and killed. She described another personal assault during the civil rioting in Jakarta in May 1998 in which she was pulled from a van, stripped naked and stretched out on a sidewalk to be raped spared only when it was determined she was having her period. Petitioner also stated at the hearing, yet not in her asylum application, that she was raped in 1988 during a robbery and that she gave birth to a daughter as a result. All of the attacks Kusuma described were perpetrated by the ethnic majority in Indonesia, by men who are ethnic pribumis by birth.

---

[1]We have jurisdiction to review the final order of the BIA under 8 U.S.C. § 1252. Where, as here, the BIA adopts the opinion of the IJ, we review the decision of the IJ. *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002).

The IJ concluded that petitioner's asylum application was time barred because it was filed more than one year after the alien's arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). We lack jurisdiction to review that determination. 8 U.S.C. § 1158(a)(3). Accordingly, we will dismiss Kususma's petition to the extent it relates to asylum. Petitioner also waives argument concerning appeal of his CAT claim for failure to raise the matter in her appeal. Accordingly, the panel affirms the decision of the IJ to deny relief on the CAT claim. *See Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993).

The remaining issue is did the IJ correctly deny Petitioner's request for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3)? The IJ found petitioner's testimony not credible due to inconsistencies in the testimony. The affidavit filed in support of Petitioner's 2001 asylum application contained no mention of the 1988 rape that led to the birth of her child. The allegation was made two years later in a supplemental affidavit. The Court agrees with the IJ and the BIA that testimonial inconsistencies, primarily the omission of the rape allegation from the asylum application and Kusuma's inability to offer a plausible reason for the omission "strike at the heart" of Petitioner's credibility. A.R.2. Further, the Court would agree with the IJ that assuming the credibility of the allegations, the 1988 incident and the robbery in 2000 fail to establish a targeted animus based on ethnicity or religion as the evidence demonstrated they were robberies and random violent attacks.

3

The IJ considered Kusuma's testimony as a whole incredible including testimony offered in support of what the IJ referred to as the worst of the harms alleged, the May 1998 attack during the civil riots in Indonesia. The Court is not willing to say that the allegation itself is unrelated to ethnic strife. Indeed, the IJ noted that the U.S. Department of State Country Reports on Human Rights Practice for Indonesia for 2003 refers to the fact that during the 1998 riots ethnic Chinese women were targets for rape, although there is no evidence that they have been targeted for such attacks based on their ethnicity since that time.

With respect to the allegations of future harm, the IJ wrote as to current country conditions:

> Assuming arguendo that she was credible with respect to the harm that she suffered in Indonesia, the evidence does not show that she will more likely than not be persecuted because of her ethnicity and/or religion in light of the country conditions as reported by the Department of State in its Country Reports and Religious Freedom Report.

A.R. 5.

To obtain withholding of removal under 8 U.S.C. § 1231(b)(3), an alien must demonstrate a "clear probability" of persecution according to one of the five statutory grounds, which include ethnicity and religion. In other words, the petitioner must demonstrate that "it is more likely than not" that she would be subject to such persecution if returned to her native land. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). On

4

appeal, we review the IJ's denial of relief to determine if the conclusion is supported by substantial evidence. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

The IJ did not err in concluding that Kusuma had not suffered persecution in the past as we have defined that term for these purposes. In *Fatin v. INS,* 12 F.3d 1233 (3d Cir. 1993), we stated that "the concept of persecution does not encompass all treatment that our society regards as unfair, unjust or even unlawful or unconstitutional. If persecution were defined that expansively, a significant percentage of the world's population would qualify for asylum in this country–and it seems most unlikely that Congress intended such a result." *Id.* at 1240 (footnote omitted).

For the most part, Kusuma's evidence, if believed, showed violence not rising to the level of persecution as we have defined it perpetrated by fellow citizens which was not the result of government action or acquiescence.

Kusuma also alleged a vicious attack during the May 1998 civil unrest, a time when there is evidence that Chinese women were singled out for attack based on their ethnicity. The IJ found it incredible that petitioner could recount the graphic details of the 1998 event yet not mention the 1988 attack that led to the birth of her child. The IJ is in the best position to assess an alien's credibility. *See Chen v. Gonzales*, 434 F.3d 212 (3d Cir. 2005). In this case, there was no documentary or other evidence offered to challenge the IJ's findings. We will sustain a challenge to an adverse credibility determination only when "any reasonable adjudicator would be compelled to conclude to the contrary" of the

5

IJ.  8 U.S.C. § 1252(b)(4)(B); *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004).  After reviewing the record as a whole, we conclude that the IJ's decision denying Kusuma's application based on an adverse credibility determination was supported by substantial evidence.

Substantial evidence therefore supports the IJ's determination that petitioner failed to establish that it is "more likely than not" that she would be subject to persecution if she were to return to Indonesia.  The record demonstrates that members of petitioner's immediate family remain in Indonesia and practice their religion without hindrance.  See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005).

Accordingly, the petition for review will be DISMISSED insofar as it relates to asylum and will be DENIED insofar as it relates to withholding of removal and relief under the Convention Against Torture.